O. M. WHEELER v. WM. HOLLIS, GUARDIAN, ETC.

1. The law of descents and distribution of Texas was changed by the act of January 28, 1840, (Paschal's Digest, Arts. 576, 577, 578, 579) ; by the fourth section of which act, if only one parent survived an intestate, who left brothers and sisters but no descendents, such parent inherited one-half of the estate, and the brothers and sisters the other half.

2. The rulings made in this case on a former trial in this court (19 Texas, 522,) are referred to and highly approved.

ERROR from San Augustine.   Tried below before the Hon. A. W. O. Hicks.

This suit was instituted as long ago as 1850, and was before this court in 1857, on an appeal from a former judgment.   It will be found reported in 19 Texas, 522, where, in connection with the opinion here reported, all the material facts may be found.

*W. W. Wallace*, for plaintiff in error, cited Reese v. Hicks, 13 Texas, 166, Prendergast v. Anthony, 11 Texas, 165, and Lee v. Smith, 18 Texas, 142, pertinent to the early law of descent.

*Robertson & Herndon, R. S. Walker* and *H. M. Kinsey*, for the appellee.

WALKER, J.—Harrison E. Watson was the husband of Elizabeth Hamilton's mother, to whom had descended (on the death of her father) an estate in slaves in the State of Mississippi. Watson was appointed guardian of the minor Elizabeth in the State of Mississippi, from which State, together with his wife and ward, he removed to the Republic of Texas (then a Mexican province) about the year 1829 or 1830, and settled in San Augustine, where he appears to have resided with his family until about the fall of the year 1839, when he removed to the State of Arkansas, taking his ward with him. One of the slaves belonging to her he sold at Nacogdoches, to which place the slave had fled; and it appears that the sale may have been necessary for two reasons—first, to secure his ward against loss by the escape, and secondly, to raise means for the support of the ward. These facts, however, are not conclusively proven, and are immaterial to consider here. Some suspicious circumstances attach to the conduct of Watson, both as to his change of domicile from Mississippi to Texas, and from Texas to Arkansas; but the inference in both cases is clear that the fraud intended was against his creditors (if he intended fraud) and not against his ward, or those who might be interested in the succession of her property. The law as applicable is so well and clearly laid down in this case, when formerly before the court, in 19 Texas Reports, 522, and the American and English authorities so fully stated, that we deem it wholly unnecessary to travel over the same ground in the present decision.

The judgment of the court below must be reversed upon an evident mistake of the law of Texas, applied to this case. The law of descents and distribution was changed by the act of January 28, 1840, when it is clear, from the evidence, Elizabeth Hamilton was still living; and by this act in force at the time of

XXXIII—33

her death, her mother, Mrs. Watson, was entitled to one-half the property which had descended to her daughter. The court below appears to have ignored this law, and given the whole of the property to the brother and sisters of the half blood.

The judgment is reversed and the cause remanded to be proceeded in, in accordance with the opinions heretofore and now delivered in the case. And it may not be improper to suggest that the evidence in the case does not make out a case in which Watson can be charged with fraud, or fraudulently intending to change the domicile of his ward, Elizabeth Hamilton, when applied to the law as we believe correctly laid down in 19 Texas 532. This opinion, delivered by Mr. Justice Wheeler, is one of great ability and erudition. We have examined and fully approve it.

Reversed and remanded.